IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC.,<br><br>                              Plaintiff,<br><br>                  v.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br><br>                              Defendant. | Case No. 20-cv-10140 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## INTRODUCTION

1.     Plaintiff Natural Resources Defense Council, Inc. ("NRDC") brings this suit to compel the Department of the Interior ("Interior") to release records relating to its decision to overturn a long-standing interpretation of the Coastal Barrier Resources Act. Interior's failure to release responsive records violates the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and deprives the public of critical information regarding the government's reversal of efforts to protect ecologically important coastal areas.

2.     Coastal barriers are undeveloped sandy landforms near the coast, including barrier islands, sand bars, wetlands, and estuarine waters. These areas provide a crucial protective buffer for the mainland from coastal storms and erosion. They also provide habitats and spawning areas for migratory birds and aquatic life.

3.     Congress passed the Coastal Barrier Resources Act ("Coastal Act" or "the Act") in 1982 to address the loss of barrier resources following decades of federal policy subsidizing development on coastal barriers. *See* Pub. L. No. 97-348, 96 Stat. 1653 (1982) (codified as amended at 16 U.S.C. § 3501 *et seq.*). The Coastal Act created a designated set of undeveloped coastal barriers—the Coastal Barrier Resources System ("System")—and protected System barriers from federally-subsidized development. *See* 16 U.S.C. § 3501(b).

4.     The Coastal Act initially designated approximately 450,000 acres along the Atlantic and Gulf coasts as part of the System. *See* H.R. Rep. No. 109-618, at 2 (2006), reprinted in 2006 U.S.C.C.A.N. 1260, 1261; *see also Coastal Barrier*

*Resources Act*, U.S. Fish & Wildlife Serv., https://www.fws.gov/cbra/Act.html (last updated Jan. 16, 2020). Congress subsequently expanded the System twice, in the Coastal Barrier Improvement Act of 1990, Pub. L. No. 101-591, 104 Stat. 2931, and the Strengthening Coastal Communities Act of 2018, Pub. L. No. 115-358, 132 Stat. 5078. The System now includes approximately 1.3 million acres of land, including coastal barriers along the Great Lakes, Puerto Rico, and the U.S. Virgin Islands. *See* U.S. Gov't Accountability Office, GAO-07-356, Coastal Barrier Resources System: Status of Development That Has Occurred and Financial Assistance Provided by Federal Agencies 1-2 (2007), https://www.gao.gov/assets/260/257815.pdf. It also includes an additional 1.8 million acres of "otherwise protected areas" held for conservation. *Id.*

5.     Congress created limited exceptions to the prohibition on subsidizing development in protected System lands. Section 6(a)(6)(A) of the Act allows projects designed to study and protect wildlife habitats. 16 U.S.C. § 3505(a)(6)(A). And section 6(a)(6)(G) allows projects "within" a protected area that stabilize the shoreline by "mimic[king], enhanc[ing], or restor[ing] a natural stabilization system." *Id.* § 3505(a)(6)(G).

6.     For more than twenty-five years, Interior interpreted the exception in section 6(a)(6)(G) as one that "applies only to projects designed to stabilize the shoreline of a System unit and therefore does not apply to projects to renourish beaches outside the System." *See* Memorandum from Charles P. Raynor, Asst. Solicitor, U.S. Fish & Wildlife Serv., to Ralph Morgenweck, Asst. Dir., U.S. Fish &

Wildlife Enhancement, U.S. Fish & Wildlife Serv. 1-2 (1994),
https://www.peer.org/wp-content/uploads/attachments/6-21-
19%20Interior%20Opinion%20exception%206(a)(6)(G).pdf (rejecting effort by U.S.
Army Corps of Engineers to dredge and remove sand from protected areas to
stabilize beaches in other areas) [hereinafter "1994 Legal Memorandum"].

7.     Some developed beachfront communities take issue with the Coastal
Act because it prevents them from replenishing their beaches with sand from
nearby protected areas, which is cheaper than transporting sand from less
ecologically sensitive—but more distant—beaches. *See, e.g.*, Christopher Flavelle,
*Trump Administration Makes It Easier to Dredge Protected Areas to Restore
Beaches*, N.Y. Times, Nov. 7, 2019, https://nyti.ms/34Gw7us.

8.     In October 2019, Interior overturned its prior interpretation of the
exception, stating: "After considering the plain language of the Act, we conclude
that the exemption in Section 6(a)(6)(G) is not limited to shoreline stabilization
projects occurring within the System." Memorandum from Peg Romanik, Assoc.
Solicitor, Interior Office of the Solicitor, Div. of Parks & Wildlife, to Margaret
Everson, Principal Deputy Dir., U.S. Fish & Wildlife Serv. 1 (Oct. 30, 2019),
https://www.fws.gov/CBRA/documents/20191030-CBRA-Memo-SOL-to-FWS.pdf.
This reversal allows federal funding of projects that dredge and remove sand from
protected coastal barriers to re-nourish developed beaches. *See id.*

9.      On December 2, 2019, as detailed below, NRDC submitted a FOIA request to Interior seeking records in Interior's custody concerning, among other subjects, the decision to overturn the 1994 Legal Memorandum.

10.     Interior's response to NRDC's FOIA request is months overdue. Agencies are generally required by law to respond to FOIA requests within twenty working days. *See* 5 U.S.C. § 552(a)(6)(A)(i). The twentieth working day following NRDC's submission of its FOIA request was January 2, 2020.

11.     In "unusual circumstances," an agency may extend this time limit by up to ten working days. *Id.* § 552(a)(6)(B)(i). The thirtieth working day following NRDC's submission of its FOIA requests was January 16, 2020. In some "unusual circumstances," an agency may ask that a FOIA requester narrow a request or agree to a longer response schedule. *See id.* § 552(a)(6)(B)(ii). NRDC has not agreed to a longer schedule, and no unusual circumstances justify Interior's continuing failure to provide a final response.

12.     The public has a pressing interest in these records. The failure to release responsive records violates FOIA and deprives the public of critical information regarding Interior's rollbacks of protection of coastal lands.

13.     NRDC is entitled to immediate processing of its FOIA request and the release of all responsive records.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

15.     Venue is proper in this district because plaintiff NRDC resides and has its principal place of business in this judicial district. 5 U.S.C. § 552(a)(4)(B).

## PARTIES

16.     Plaintiff NRDC is a national, not-for-profit environmental and public health membership organization with hundreds of thousands of members nationwide. NRDC engages in research, advocacy, public education, and litigation related to protecting public health and the environment. NRDC also publishes in a number of media channels, including online and in print, and regularly communicates newsworthy information to the public, including information obtained under FOIA. NRDC maintains its headquarters in New York, New York, within this judicial district.

17.     Defendant U.S. Department of the Interior is an agency within the meaning of 5 U.S.C. §§ 551(1), 552(f)(1), and has possession or control of documents NRDC seeks.

## FACTUAL BACKGROUND

18.     On December 2, 2019, NRDC filed a FOIA request with Interior for records in its possession, custody, or control concerning:

- The implementation, enforcement, or support of the 1994 Legal Memorandum interpreting section 6(a)(6)(G);

- The Office of the Solicitor's new legal opinion explaining why the 1994 Legal Memorandum was flawed;

5

- Any communications and records of meetings between Interior officials and members of Congress and/or their staff concerning the decision by Interior to overturn the 1994 Legal Memorandum;

- Any communications and records of meetings between Interior officials and non-congressional parties outside Interior concerning the decision by Interior to overturn the 1994 Legal Memorandum; and

- Any communications among U.S. Fish and Wildlife Service, U.S. Geological Survey, and Department of the Interior officials concerning the impacts of sand mining.

19.   NRDC submitted the FOIA request via Interior's online FOIA portal. NRDC sought a waiver of FOIA processing fees because the disclosure is "likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii); 43 C.F.R. § 2.45(a)(1). Even if NRDC were not entitled to a public interest waiver of fees and costs, it would be a representative of the news media entitled to fee reduction. 5 U.S.C. § 552(a)(4)(A)(ii); 43 C.F.R. §§ 2.39, 2.70.

20.   Interior acknowledged receipt of NRDC's FOIA request on December 5, 2019. Interior assigned the request FOIA tracking number #SOL-2020-00056, and granted NRDC's fee waiver request.

21.   Interior's final response was due by no later than January 2, 2020. 5 U.S.C. § 552(a)(6)(A)(i); 43 C.F.R. § 2.16.

22.    Interior has not sent a final response to the FOIA request or produced

any responsive records. *See* 43 C.F.R. § 2.24.[1]

## CLAIM FOR RELIEF

23.    Plaintiff incorporates by reference all preceding paragraphs.

24.    NRDC has a statutory right under FOIA to obtain immediately all

records responsive to its request that are not exempt from disclosure.

25.    Interior has violated its statutory duty under FOIA, 5 U.S.C. § 552(a),

and implementing regulations, to release all non-exempt, responsive records to

NRDC.

26.    Interior has violated its statutory duty under FOIA, 5 U.S.C.

§ 552(a)(3)(C), to make a reasonable effort to search for responsive records.

## REQUEST FOR RELIEF

NRDC respectfully requests that the Court enter judgment against the

defendant as follows:

A.    Declaring that Interior violated FOIA by failing to produce non-exempt

records responsive to NRDC's FOIA request by the statutory deadline;

B.    Ordering Interior to disclose the requested records to NRDC without

further delay, and without charging search or duplication costs;

C.    Retaining jurisdiction over this case to rule on any assertions by

Interior that certain responsive records are exempt from disclosure;

---

[1] Some time after NRDC's FOIA request, Interior published on its website a copy of
the 2019 legal memorandum reversing the agency's prior interpretation of section
6(a)(6)(G) of the Act. *See supra* ¶ 8.

D.      Ordering Interior to produce an index identifying any documents or

parts thereof that Interior withheld and the basis for the withholding, in the event

that Interior determines certain responsive records are exempt from disclosure;

E.      Awarding NRDC its costs and reasonable attorneys' fees; and

F.      Granting such other relief that the Court considers just and proper.


Dated: December 2, 2020                 Respectfully submitted,

                                        /s/ Vivian H.W. Wang
                                        Vivian H.W. Wang
                                        Natural Resources Defense Council
                                        40 West 20th Street
                                        New York, NY 10011
                                        Tel.: (212) 727-4477
                                        Fax: (212) 795-4799
                                        vwang@nrdc.org
                                        *Counsel for Plaintiff*